UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CELINA MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SARA M GAMEZ ROQUE, et al., <br><br> Defendants. | CASE NO. 1:25-CV-314-HAB-ALT |

**OPINION AND ORDER**

After obtaining an entry of default (ECF No. 16) against Defendants Sara M. Gamez Roque, Magro Macias Ortiz, and Rafael Becerra, Plaintiff Celina Mutual Insurance Company ("Celina") moved for a Default Judgment (ECF No. 18). Celina also obtained a separate entry of default against Defendant Martin Macias Rodriguez (ECF No. 19) and has now moved for a Default Judgment against Mr. Rodriguez (ECF No. 20). Because the Defendants failed to appear or otherwise defend and the Plaintiff is entitled to a default judgment, the Motions for Default Judgment are GRANTED.

**I.     Procedural Background**

This case arises from a fatal car accident on June 27, 2024, and the insurance claims that followed. On June 27, Defendant Martin Macias Rodriguez was driving a car with passengers Abel Dominguez Salazar and Rafael Becerra when their car collided with another vehicle on State Road 5 in LaGrange County, Indiana. The car Mr. Rodriguez drove was owned by Sara M. Gamez Roque and Magro Macias Ortiz, who had an automobile insurance policy through Defendant Celina Mutual Insurance Company—Automobile Policy No. 7231706-0, with an application date of March 3, 2017, and an effective date of March 3, 2024, through September 3, 2024 (the "Policy").

After the accident, Mr. Rodriguez, Mr. Becerra, and Rosalba Beltran Bello (the Personal Representative of the Estate of Mr. Salazar), sought coverage under the Policy from Celina.

Celina claims that, while investigating the accident, they discovered that Ms. Gamez Roque, Mr. Macias Ortiz, and Mr. Rodriguez were not U.S. citizens in 2017 when Ms. Gamez Roque and Mr. Macias Ortiz applied for the Policy, and that Mr. Rodriguez was neither a U.S. citizen nor a licensed driver at the time of the accident. Because the Policy explicitly relied on the covered drivers being U.S. citizens—and Ms. Gamez Roque and Mr. Macias Ortiz represented to Celina that they had the appropriate citizenship—Celina filed a Complaint for Declaratory Judgment on June 6, 2025, seeking a judicial declaration that the Policy is void and there is no coverage under the Policy for any claims arising from the June 27, 2024 accident.

Defendants Gamez Roque, Becerra, and Rodriguez were served via certified mail with a Summons and copy of Celina's Complaint for Declaratory Judgment on June 23, 2025. (ECF No. 8). Defendant Macias Ortiz was served via certified mail with a Summons and copy of Celina's Complaint for Declaratory Judgment on June 25, 2025. (ECF No. 10). Ms. Gamez Roque and Mr. Becerra were required to appear, plead, answer, or otherwise move with respect to Celina's Complaint for Declaratory Judgment by July 14, 2025, but did not do so. Mr. Macias Ortiz was similarly required to appear, plead, answer, or otherwise move with respect to Celina's Complaint by July 16, 2025, but did not do so. As to Mr. Rodriguez, counsel for Celina on August 25, 2025, emailed Mr. Rodriguez's counsel in the underlying suit, who indicated they would accept service on Mr. Rodriguez's behalf and did so on September 15, 2025. This meant that Mr. Rodriguez was then required to answer or otherwise respond to the Complaint before October 6, 2025, which he has not done.

**II.     Analysis**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). Because this action seeks a declaratory judgment, Celina "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires Celina to establish the following for the grant of a default judgment: "(1) when and against what parties the default was entered; (2) the pleading as to which default was entered; (3) that the defaulting parties are neither infants nor incompetent; (4) that the defendants are not in military service; and (5) that notice has been served on the defaulting party." *Firemen's Insurance Company of Washington, D.C. v. Swinney*, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017).

The requests for default judgment against Defendants Gamez Roque, Macias Ortiz, Becerra, and Rodriguez (ECF Nos. 18, 20) meet all the above requirements. The Clerk issued entry of default against Ms. Gamez Roque, Mr. Macias Ortiz, and Mr. Becerra on October 2, 2025 (ECF No. 16) and against Mr. Rodriguez on October 20, 2025 (ECF No. 19). Celina notes that all four of these defendants were served via certified mail with a Summons and Complaint on either June 23 or June 25, 2025, and filed proofs of service. (ECF Nos. 8, 10). Celina represents that none of the four defendants are known to be in the military, infants, or incompetent so as to satisfy the remaining requirements. To establish that none of the four defendants are in the military service, Celina has attached their Military Status Reports (ECF Nos. 21, 22) which demonstrate that as of

3

August 20, 2025, for Ms. Gamez Roque, Mr. Macias Ortiz, and Mr. Becerra, and as of October 8, 2025, for Mr. Rodriguez, these four defendants are not in the military. Given these representations, the motions for default judgment are GRANTED.

### III.  Conclusion

Celina's motions for default judgment (ECF Nos. 18, 20) are GRANTED. The Court DECLARES that, as to Defendants Gamez Roque, Macias Ortiz, Becerra, and Rodriguez, (1) the Policy issued by Celina to Sara M. Gamez Roque and Magro Macias Ortiz is void; and (2) there is no coverage under the Policy for any claims arising from the June 27, 2024 collision.

SO ORDERED on October 31, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4